UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

SHAUNA CUMMINS, et al.,

    Plaintiffs,

v.

DALE LOTSPEICH, et al.,

    Defendants.

03:04-CV-00709-LRH-VPC

ORDER

Presently before the court is James Andre Boles's, counsel for Plaintiffs, Objection to Magistrate Judge's Order Regarding Sanctions (# 76[1]). Defendant Dale Lotspeich ("Lotspeich") has filed an opposition (# 77).

**I. Factual and Procedural Summary**

On May 12, 2006, Magistrate Judge Valerie P. Cooke issued an order (# 72) sanctioning Mr. Boles, pursuant to Federal Rule of Civil Procedure 37(b)(2), for disobeying a discovery order. The underlying discovery dispute arose from Defendants' request for the production of various financial statements. Plaintiffs, believing that the documents were not relevant to the present dispute, filed a Motion for Protective Order (# 34) on July 29, 2005. Judge Cooke, at a January 3, 2006, hearing, denied Plaintiffs' motion and directed Plaintiffs to respond to all outstanding

---

[1]Refers to the court's docket number.

1  document production requests no later than January 24, 2006.

2  During the January 3, 2006, hearing, Judge Cooke declined to sanction Mr. Boles at that
3  time, but stated, "counsel is noticed that if this kind of practice continues during the conduct of the
4  balance of discovery in this case, the Court will sua sponte impose sanctions." (January 3, 2006,
5  Minutes of the Court (# 49) at 2.).

6  The discovery dispute concerning Defendants' request for production of documents
7  continued, and the court set a hearing for February 17, 2006.  On February 14, 2006, Defendant
8  Lotspeich filed a status report (# 55), which noted Plaintiffs' failure to respond adequately to the
9  outstanding document production request.  Plaintiffs also ignored the court's order (# 49) to
10 provide a declaration of Plaintiffs' accountant or custodian of record to attest to the fact that certain
11 of the businesses subject to the discovery request are not commingled with businesses that are the
12 subject of this proceeding.

13 During the February 17, 2006, hearing, Judge Cooke considered, among other things,
14 Defendant Lotspeich's request for sanctions.  After hearing argument, Judge Cooke granted Mr.
15 Boles's request for leave to file points and authorities.  Upon considering the issue, Judge Cooke
16 ultimately ordered Mr. Boles to pay Defendant Lotspeich's attorney's fees in the amount of
17 $6,663.00.

18 **II.  Legal Standard**

19 The authority of magistrates to impose discovery sanctions is established by 28 U.S.C. §
20 636 and recognized by the Ninth Circuit.  *Grimes v. City & County of San Francisco*, 951 F.2d 236,
21 241 (9th Cir. 1991).  In reviewing a non-dispositive order entered by a magistrate judge, the court
22 defers to the magistrate judge unless the order is clearly erroneous or contrary to law.  Fed. R. Civ.
23 P. 72(a); *Grimes*, 951 F.2d at 241.

24 Rule 37(b)(2) of the Federal Rules of Civil Procedure permits the court to impose sanctions
25 against a party who fails to obey a court order regarding discovery.  Fed. R. Civ. P. 37(b)(2).  Rule

26

1  37(b)(2), in addition to listing several orders that can be made by the court, provides:

2      In lieu of any of the foregoing orders or in addition thereto, the court shall
3      require the party failing to obey the order or the attorney advising that party
    or both to pay the reasonable expenses, including attorney's fees, caused by
    the failure, unless the court finds that the failure was substantially justified or
4      that other circumstances make an award of expenses unjust.

5  Fed. R. Civ. P. 37(b)(2).

6  **III. Discussion**

7      Mr. Boles objects to the Magistrate Judge's order arguing that a motion for relief from
8  discovery cannot give rise to sanctions. Specifically, Mr. Boles argues that the requested discovery
9  is irrelevant and sought for the purpose of prosecuting Plaintiffs for tax fraud.

10     Upon carefully reviewing the parties' points and authorities, the relevant law, and the record
11 as a whole, the court finds that Judge Cooke's order was neither clearly erroneous nor contrary to
12 law. The record shows that, during a January 3, 2006, hearing, Judge Cooke denied Plaintiffs'
13 motion for a protective order and directed Plaintiffs to respond to all outstanding document
14 production requests no later than January 24, 2006. The record further shows that Mr. Boles failed
15 to comply with this order. Therefore, Judge Cooke held a hearing on February 17, 2006, to address
16 the discovery deficiency. This court agrees with the Magistrate Judge that "Mr. Boles has failed to
17 establish any facts to demonstrate his failures were substantially justified or that other
18 circumstances make an award of attorney's fees and costs unjust." (May 12, 2005, Order (# 72) at
19 8.)

20     Sanctions were not imposed upon Mr. Boles for seeking a protective order. Rather, Judge
21 Cooke sanctioned Mr. Boles for ignoring the court's January 3, 2006, Order and Judge Cooke's
22 admonition that future discovery abuses would not be tolerated. Under these circumstances, Judge
23 Cooke acted appropriately in sanctioning Mr. Boles in the amount of $6,663.00. For these reasons,
24 Mr. Boles's objections will be overruled. The court further notes that any additional willful
25 discovery violations may result in the dismissal of this case and/or additional sanctions.

26

1      IT IS THEREFORE ORDERED that Mr. Boles's Objection to Magistrate Judge's Order
2 Regarding Sanctions (# 76) is hereby OVERRULED.
3      IT IS SO ORDERED.
4      DATED this 29th day of September, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4