**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SHAUNA CUMMINS, et al., | 3:04-CV-0709-LRH (VPC) |
| Plaintiffs, | |
| vs. | **ORDER** |
| DALE LOTSPEICH, et al., | |
| Defendants. | |
| AND RELATED CLAIMS | |

Plaintiffs have filed a motion for enlargement of time to pay sanctions (#106), a motion for stay of enforcement of order granting sanctions pending appeal (#107) and an alternative motion to modify order (#108). Defendants opposed each motion (#s110,111 & 112), and plaintiffs filed a reply to each motion (#s 113, 114 & 115).

On May 12, 2006, this court entered an order awarding sanctions against Mr. Boles, plaintiffs' counsel, in the amount of $6,663.00 pursuant to Fed.R.Civ.P. 37 (#72). On October 2, 2006, the District Court overruled Mr. Boles's objection to this court's order (#101). The three motions pending before the court concern that sanction order, and for the reasons set forth below, all of plaintiffs' motions are denied.

**I.     Motion for Enlargement of Time to Pay Sanctions (#106)**

Mr. Boles asks the court for an enlargement of time in which to pay the sanctions ordered, since he contends that he plans to appeal this interlocutory order; however, he cannot do so until final resolution of this proceeding. Mr. Boles seeks this relief pursuant to Fed.R.Civ.P. 6(b) on the grounds that good cause exists to warrant an enlargement of time until the issue is resolved on appeal or until the court considers his companion motion for stay (#107) and his alternative motion to modify order (#108).

1    By this order, the court denies Mr. Boles's companion motions (#s 107, 108); therefore, the only basis for his requested enlargement of time is his declared intention to appeal the court's May 12, 2006 order. The fact that Mr. Boles may appeal an interlocutory order is not, standing alone, good cause to enlarge the time in which to pay the sanctions. In addition, the District Court entered its order overruling Mr. Boles's objection on October 2, 2006 (#101), and Mr. Boles waited two months to seek an enlargement of time to pay this sanction. Mr. Boles offered no evidence of excusable neglect for having waited two months before filing this motion. Plaintiffs' motion (#106) is denied.

### II.   Motion for Stay of Enforcement of Order Granting Sanctions Pending Appeal (#107)

Plaintiffs next move for a stay of enforcement of the order granting sanctions pending appeal, but ask the court to waive the posting of a supersedeas bond on the ground that plaintiffs are long-time business owners in the State of Nevada. Mr. Boles misses the point. The sanction order is not directed at the plaintiffs; it is directed at Mr. Boles personally. Therefore, plaintiffs' longstanding ties to the State of Nevada are irrelevant, and they will suffer no economic prejudice in adjudicating their claims. Plaintiffs' motion (#107) is denied. If Mr. Boles wishes to post a supersedeas bond personally for the full amount of $6,633.00, the court will consider his request.

### III.   Alternative Motion to Modify Order (#108)

By his third motion, Mr. Boles seeks to modify the May 12, 2006 sanction order pursuant to Fed.R.Civ.P. 54(b) based solely on the argument that he intends to appeal that order. Mr. Boles offers no evidence or relevant legal authority in support of modification of this court's prior order. In addition, the District Court has already considered and rejected Mr. Boles's objection to the sanction order (#101). Mr. Boles's motion is denied.

/ / /

/ / /

/ / /

2

**IV.   Conclusion**

Based upon the foregoing and good cause appearing,

**IT IS ORDERED:**

1. Plaintiffs' motion for enlargement of time to pay sanctions (#106) is **DENIED;**

2. Plaintiffs' motion for stay of enforcement of order granting sanctions pending appeal (#107) is **DENIED;** and

3. Plaintiffs' alternative motion to modify order (#108) is **DENIED.**

**IT IS FURTHER ORDERED** that pursuant to this court's prior sanction order (#72), Mr. Boles shall commence payment to defendant Lotspeich's attorney's of record, Erickson, Thorpe & Swainston, Ltd., attorney's fees in the amount of $6,663.00 as follows:

| | |
|---|---|
| January 15, 2007 | $1,000.00 |
| February 15, 2007 | $1,000.00 |
| March 15, 2007 | $1,000.00 |
| April 15, 2007 | $1,000.00 |
| May 15, 2007 | $1,000.00 |
| June 15, 2007 | $1,000.00 |
| July 15, 2007 | $   663.00 |

**IT IS SO ORDERED.**

DATED:   January 4, 2007.

_____
UNITED STATES MAGISTRATE JUDGE